**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| EARL DIXON, individually & on | : | |
| behalf of others similarly situated | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 1:19-cv-2457 |
| JEFFERSON CAPITAL SYSTEMS, LLC, | : | |
| And UNIFIN, INC., | : | **CLASS ACTION COMPLAINT** |
| Defendants. | : | **& JURY TRIAL DEMANDED** |

**COMPLAINT**

**I.  INTRODUCTION**

1.   This is a case about a class of consumers who have been deceptively targeted for debt that is not legally enforceable without any notice that any payment on the debt would strip the consumers of their iron-clad defense that the debts are barred by the applicable statute of limitations.

2.   This is a case about a man who has been subjected to unfair tactics by a collection company.

3.   This is a civil action seeking actual damages, statutory damages, attorneys' fees, and costs for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, ("FDCPA").

4.   The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

5.   The FDCPA uses the "unsophisticated-consumer" standard.

6.   The unsophisticated-consumer standard is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder. This standard protects the uninformed or naive consumer.

7.    The defendants are Jefferson Capital Systems, LLC ("Jefferson Capital") and Unifin, Inc. ("Unifin").

## II. JURISDICTION

8.    This action is to enforce liability created by the FDCPA.

9.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) through 28 U.S.C. § 1331.

10.    This is a civil action arising under an Act of Congress regulating commerce or protecting trade.

## III. VENUE

11.    Jefferson Capital regularly transacts business in this judicial district.

12.    Jefferson Capital is subject to the personal jurisdiction of this Court.

13.    Jefferson Capital resides in the State of Georgia and this judicial district under the provisions of 28 U.S.C. § 1391(c)(2).

14.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

15.    A substantial part of the events giving rise to this claim occurred in this judicial district.

16.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## IV. PARTIES

### Plaintiff Earl Dixon ("Mr. Dixon")

17.    Mr. Dixon is a natural person.

18.    Mr. Dixon is a resident of Marion County.

19.    Mr. Dixon is allegedly obligated to pay a "debt" as defined by 15 U.S.C. § 1692a(5).

20.    Mr. Dixon is a "consumer" as defined by 15 U.S.C. § 1692a(3).

21.    Mr. Dixon allegedly incurred a debt with Sprint Services ("Sprint").

22.    Mr. Dixon has never owned a business.

23. Any obligation that Mr. Dixon would have incurred to pay money would have arisen out of a transaction that was solely or primarily for a personal, family, or household purpose.

### Defendant Jefferson Capital Systems, LLC ("Jefferson Capital")

24. Jefferson Capital is a limited liability company organized and existing under the laws of the State of Georgia.

25. Jefferson Capital is registered with the Georgia Secretary of State under Organization Number: 0570968.

26. Jefferson Capital's principal place of business is located at 16 McLeland Road, St. Cloud, MN, 56303.

27. Jefferson Capital's registered agent for service of process is Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

28. Jefferson Capital's employees are agents acting on its behalf.

29. At all times relevant to this action, Jefferson Capital employees were agents acting on behalf of Jefferson Capital.

30. Jefferson Capital is a company that, among other matters, contacts consumers in an attempt to collect consumer debt.

31. Jefferson Capital's principal purpose is the collection of debt.

32. Jefferson Capital attempts to collect debt on behalf of Sprint Services.

33. Jefferson Capital regularly attempts to collect debt on behalf of Sprint Services.

34. Jefferson Capital maintains a website at https://www.myjcap.com, which is representative of Jefferson Capital's business.

35. Jefferson Capital is engaged in the business of collecting debt within multiple states.

36.    Jefferson Capital is engaged in the business of collecting debt within the State of Indiana.

37.    Jefferson Capital is a business entity who uses instrumentalities of interstate commerce or the mails, the principal purpose of which is the collection of debts.

38.    Jefferson Capital regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

39.    Jefferson Capital is engaged in the collection of debts from consumers using the mail.

40.    Jefferson Capital is engaged in the collection of debts from consumers using the telephone.

41.    Jefferson Capital is a limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate.

42.    Jefferson Capital operates a nationwide debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Indiana.   In fact, Jefferson Capital was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

43.    Jefferson Capital is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

44.    Jefferson Capital's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

45.    Defendant Jefferson capital is authorized to conduct business in Indiana and maintains a registered agent in Indiana. In fact, Defendant Jefferson Capital conduct business in Indiana.

46.    Jefferson Capital is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family, or household purposes.

47.  Jefferson Capital pays an average of less than ten cents on the dollar for the debts it purchases.

48.  Jefferson Capital then attempts to collect the purchased debts by filing suits on them.

49.  Jefferson Capital has been the plaintiff in dozens collection lawsuits that have been pending in Indiana during the year prior to the filing of this action.

50.  Jefferson Capital is a purchaser of debts.

51.  Jefferson Capital contracts with third party collection companies to collect on the debts Jefferson Capital has purchased.

52.  Jefferson Capital is the owner of Plaintiff's alleged debt.

53.  Unifin is Jefferson Capital's agent.

54.  A significant purpose of Jefferson Capital's business is collecting debts.

55.  Debt collection is Jefferson Capital's only purpose.

56.  Jefferson Capital does not conduct any business activity other than the collection of debts.

57.  All of Jefferson Capital's revenue comes from debt collection.

58.  Jefferson Capital itself is the plaintiff in numerous debt collection lawsuits.

59.  Jefferson Capital interacts with debtors, including filing lawsuits against debtors.

60.  At all times relevant to this action, Jefferson Capital agents and attorneys were agents acting on behalf of Jefferson Capital.

61.  Jefferson Capital is a company that contacts consumers in an attempt to collect consumer debt.

62.  Jefferson Capital is a company that, through its agents, communicates with consumers.

63.  Jefferson Capital, through one or more agents, is engaged in the business of collecting debt within the State of Indiana.

64.    Jefferson Capital is a business entity who, through one or more agents, uses instrumentalities of interstate commerce or the mails, the principal purpose of which is the collection of debts.

65.    Alternatively, Jefferson Capital, through one or more agents, regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

66.    Jefferson Capital, through one or more agents, engages in the collection of debts from consumers using the mail.

67.    Jefferson Capital, through one or more agents, engages in the collection of debts from consumers using the telephone.

68.    Jefferson Capital is a "debt collector" as defined by 15 U.S.C. § 1692a(6).


**Defendant Unifin, Inc. ("Unifin")**

69.    Unifin, Inc. ("Unifin") is a corporation organized and existing under the laws of the State of Illinois.

70.    Unifin is registered with the Illinois Secretary of State under File Number:  67892089.

71.    Unifin's principal place of business is located at 3541 Chase Avenue, Lincolnwood, Illinois 60712.

72.    Unifin's registered agent for service of process is INCORP SERVICES INC, 902 S. 2nd Street, Suite 201, Springfield, Illinois 62704.

73.    Unifin's employees are agents acting on its behalf.

74.    At all times relevant to this action, Unifin's employees were agents acting on behalf of Unifin and Jefferson Capital.

75.   Unifin is a company that, among other matters, contacts consumers in an attempt to collect consumer debt.

76.   Unifin's principal purpose is the collection of debt.

77.   Unifin attempts to collect debt on behalf of Jefferson Capital.

78.   Unifin regularly attempts to collect debt on behalf of Jefferson Capital.

79.   Unifin maintains a website at https://www.unifinrs.com, which is representative of Unifin's business.

80.   Unifin is engaged in the business of collecting debt within multiple states.

81.   Unifin is engaged in the business of collecting debt within the State of Indiana.

82.   Unifin is a business entity who uses instrumentalities of interstate commerce or the mails, the principal purpose of which is the collection of debts.

83.   Unifin regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

84.   Unifin is engaged in the collection of debts from consumers using the mail.

85.   Unifin is engaged in the collection of debts from consumers using the telephone.

86.   Unifin is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## V.  FACTUAL ALLEGATIONS

87.   Jefferson Capital attempted to collect a debt from Plaintiff that arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

88.   Jefferson Capital hired Unifin, Inc. ("Unifin") to collect the alleged debt on Jefferson Capital's behalf.

89. Jefferson Capital's principal purpose is the collection of debt.

90. All of Jefferson Capital's revenue comes from debt collection.

91. Jefferson Capital outsources collection to third parties, who act as agents for Jefferson Capital.

92. Jefferson Capital directs its agents' debt collection activities.

93. Jefferson Capital has no other business purpose other than the collection of debts.

94. Jefferson Capital is vicariously liable for the acts of its agents with respect to the collection of debts for Jefferson Capital.

95. Unifin manages debt collection for Jefferson Capital.

96. Mr. Dixon had not made any payments toward the alleged debt since before 2009.

<u>August 27, 2018 Letter</u>

97. On or about August 27, 2018, Unifin, Inc. mailed a letter (the "August 27, 2018 Letter") to Mr. Dixon.

98. On August 27, 2018, the alleged debt was past the applicable statute of limitations.

99. Mr. Dixon received the Letter on or about August 31, 2018.

100. The August 27, 2018 Letter is attached hereto and incorporated herein by reference as **Exhibit A**.

101. The August 27, 2018 Letter states that Mr. Dixon has a current balance of $1,130.29.

102. The August 27, 2018 Letter failed to apprise Mr. Dixon that the debt was not legally enforceable.

103. The August 27, 2018 Letter failed to notify Mr. Dixon that any payment made on the debt would deprive him of his defense that the debt was past the applicable statute of limitations.

104. The Indiana statute of limitation applicable to the alleged debt is: Ind. Code § 34-11-2-7(1).

105. Ind. Code § 34-11-2-7(1) provides:

> The following actions must be commenced within six (6) years after the cause of action accrues:
> (1) Actions on accounts and contracts not in writing.
> (2) Actions for use, rents, and profits of real property.
> (3) Actions for injuries to property other than personal property, damages for detention of personal property and for recovering possession of personal property.
> (4) Actions for relief against frauds.

106. The alleged debt was barred by the applicable statute of limitation before August 27, 2018.

107. The August 27, 2018 Letter states, "The balance in full is due today."

108. The August 27, 2018 Letter further states, "Please contact us at your earliest convenience to discuss a payment plan."

September 11, 2018 Letter

109. On September 11, 2018, 2018, Mr. Dixon mailed a letter (the "September 11, 2018 Letter") to Unifin via United States Postal Service mail under tracking number 9414 8108 9876 5018 0983 98.

110. Mr. Dixon also, by counsel, also emailed the September 11, 2018 Letter to Unifin at myaccount@unifinrs.com.

111. The September 11, 2018 Letter is attached hereto and incorporated herein by reference as **Exhibit B**.

112. Unifin received the September 11, 2018 Letter by mail on September 15, 2018.

113. Mr. Dixon disputed the alleged debt within thirty (30) days of receipt of the August 27, 2018 Letter.

114. Mr. Dixon requested validation of the alleged debt.

<u>October 2, 2018 Letter</u>

115. Jefferson Capital mailed a letter dated October 2, 2018 (the "October 2, 2018 Letter" to Mr. Dixon's counsel.

116. The October 2, 2018 Letter is attached hereto and incorporated herein by reference as **Exhibit C**.

117. The October 2, 2018 Letter states that Jefferson Capital acknowledged receipt of the September 11, 2018 Letter.

118. Jefferson Capital acquired the alleged debt on October 23, 2008 and placed the account with Unifin for collection.

119. Jefferson Capital does not have reasonable procedures in place that are reasonable adapted to avoid violation of the FDCPA.

120. Jefferson Capital uses instrumentality of interstate commerce or the mails in business for which the principal purpose is the collection of any debts.

121. Jefferson Capital, directly or indirectly, regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

122. Jefferson Capital attempted to collect a debt that Plaintiff did not owe.

123. Jefferson Capital falsely represented the character, amount, or legal status of a debt.

124. Jefferson Capital falsely represented the legal status of a debt.

125. Jefferson Capital's action concerning Mr. Dixon have caused damages, including not by way of limitation: costs of sending one or more certified letters and Mr. Dixon's time.

126. All conditions precedent necessary for this lawsuit have occurred or been performed by Mr. Dixon.

## CLASS ACTION ALLEGATIONS

127. Plaintiff re-alleges and incorporates herein by reference all of the foregoing allegations.

128. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class"). Plaintiff, and those individuals who would comprise the anticipated class, can satisfy the pre-requisites of Fed. R. Civ. P. 23(a-b).

129. Plaintiff represents, and is a member of the Class, consisting of all persons within the State of Indiana who, within one year prior to filing this action, have been contacted by JEFFERSON CAPITAL concerning an obligation to pay money arising out of an obligation to Sprint after six years in time had passed since the date the obligation was initially owed, without JEFFERSON CAPITAL or its agent disclosing that the debt was not legally enforceable.

130. Plaintiff represents, and is a member of the Class, consisting of all persons within the State of Indiana who, within one year prior to filing this action, have been sent a letter by or on behalf of JEFFERSON CAPITAL concerning an obligation to pay money arising out of an obligation to Sprint after six years in time had passed since the date the obligation was initially owed, without JEFFERSON CAPITAL or its agent disclosing that any payment on the debt would strip the consumer of his or her statute of limitation defense.

131. By virtue of these assertions, the possibility of inconsistent or varying adjudications with respect to individual class members can occur.

132. Specifically, based on the notices given to respective class members, and in hopes to handle lingering debt issues, class members would be induced into paying the aforementioned debts after they are not legally enforceable.

133. Defendant and its employees or agents are excluded from the Class.

134. On information and belief, members of the Class exceed 50 members. The precise number of Class members and their identities are unknown to Plaintiff at this time but are readily determinable in JEFFERSON CAPITAL's records through discovery.

135. Thus, this matter should be certified as a Class action for the purposes of judicial economy and efficiency and to assist in expeditious litigation of this matter.

136. The estimated size of this class is so numerous that joinder of all members would be impracticable and potentially cost prohibitive.

137. The question of law in this case and the factual allegations asserted herein would be common to all class members.

138. The claims and defenses of all classes are typical to the matter contained in this cause of action.

139. Undersigned counsel, as well as the Plaintiff, will fairly and adequately protect the interests of this class. Counsel has the resources, expertise, and experience to prosecute this action.

140. Plaintiff and members of the class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agent, collected or attempted to collect debts that were barred by the statute of limitations which any payment of same would toll the applicable statute of limitations rendering the debts collectable again, in direct violation of the FDCPA. Plaintiff and the class members were damaged thereby.

141. This suit seeks actual, compensatory, and statutory damages on behalf of the Class. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

142. The joinder of class members is impractical due to the large number of class members, and the disposition of their claims in the Class action will provide substantial benefits both to

the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records.

143. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within one year prior to the filing of this action, Defendant has contacted the Class members in an attempt to collect debt arising out of an obligation to Sprint after six years in time had passed since the date the obligation was initially owed without JEFFERSON CAPITAL or its agent disclosing that the debt was not legally enforceable.

b. Whether, within one year prior to the filing of this action, Defendant has contacted the Class members in an attempt to collect debt arising out of an obligation to Sprint after six years in time had passed since the date the obligation was initially owed without JEFFERSON CAPITAL or its agent disclosing that any payment on the debt would strip the member of its statute of limitation defense.

144. As persons who received at the aforementioned statements and communications from Defendant seeking to collect debts, Plaintiff is asserting claims that are typical of this class. During the one-year period prior to the filing of this Complaint, Defendant was engaged in a pattern and practice of contacting members of the class in connection with a debt, via written statements and phone calls, and charged or sought to charge amounts that were not enforceable by law.

145. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

146.   Plaintiff and members of the Class have all suffered irreparable harm as a result of the Defendants unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the relatively small size of the individual claims, few, if any Class members could afford to seek individual legal redress for the wrongs complained of herein.

147.   Plaintiff has retained counsel experienced in handling claims involving violations of the Fair Debt Collection Practices Act.

148.   A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action pursuant to FDCPA is minimal. Management of these claims is likely to present significantly fewer difficulties than those present in many class claims.

149.   As Plaintiff, and on behalf of the class, has requested injunctive relief to bar Defendants from attempts to collect time-barred debts in the manner contained by these allegations, and subject to further discovery Defendants have continued or will continue to collect debts in the manner referenced in this Amended Complaint until court intervention, this relief is appropriate to the class as a whole.

## VIOLATIONS OF THE FDCPA AS TO PLAINTIFF EARL DIXON

### VI. COUNT III – VIOLATION OF 15 U.S.C. 1692e

150.   Mr. Dixon incorporates herein by reference all of the foregoing paragraphs in full herein.

151. JEFFERSON CAPITAL violated the FDCPA by using misleading representations in an attempt to collect a debt.

152. JEFFERSON CAPITAL violated the FDCPA by using false representations in an attempt to collect a debt.

153. JEFFERSON CAPITAL violated the FDCPA by using deceptive means in an attempt to collect a debt.

154. JEFFERSON CAPITAL falsely represented the amount of debt Mr. Young owed.


## VII.   COUNT IV – VIOLATION OF 15 U.S.C. 1692g

155. Mr. Dixon incorporates herein by reference all of the foregoing paragraphs in full herein.

156. Jefferson Capital violated the FDCPA because it failed to, within five (5) days after the initial communication with Mr. Dixon in connection with the collection of any debt, send Mr. Dixon a written notice containing:

   a. The amount of the debt;

   b. The name of the creditor to whom the debt is owed;

   c. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   d. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; or

e. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

157. Jefferson Capital overshadowed Mr. Dixon's right to dispute the debt.

158. Jefferson Capital contradicted the information contained in its debt collection letter.

159. Jefferson Capital's representative's statements during the phone call were inconsistent with the disclosure of Mr. Dixon's right to dispute the debt.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff Earl Dixon respectfully requests that this Honorable Court enter judgment in favor of Plaintiff Earl Dixon and against Defendant Jefferson Capital Systems, LLC as follows:

A.     Certification of the class;

B.     Declaratory judgment that Jefferson Capital Systems, LLC violated the FDCPA;

C.     Actual damages in an amount according to proof at trial or judgment otherwise pursuant to 15 U.S.C. § 1692k(a)(1);

D.     $1,000.00 statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

E.     Costs of this action together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

F.     For all such other and further relief as the Court may deem just and proper.

## IX. JURY DEMAND

Mr. Dixon, pursuant to Fed. R. Civ. P. 38, demands a jury trial on all issues herein.

Respectfully submitted,
/s/ *Duran L. Keller*
Duran L. Keller, Esq. (#31743-79)
**KELLER LAW**
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile:  (765) 807-3388
Email: duran@kellerlawllp.com
*Attorney for Plaintiff*

**UNIFIN** Exhibit A

P.O. Box 4519
Skokie IL 60077-4519
RETURN SERVICE REQUESTED

Toll Free: 888.572.3987 | Fax: 847.897.3158
Email: myaccount@unifinrs.com | www.unifinrs.com

| Unifin ID# | Original Acct # | Amount Due |
|---|---|---|
| ▇ | ▇ | $1130.29 |

**AUGUST 23, 2018**

**EARL DIXON**
**1947 BREMAN LN**
**INDIANAPOLIS IN 46229-3946**

Unifin, Inc.
P.O. Box 4519
Skokie IL 60077-4519

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

*** Detach Upper Portion and Return With Payment ***

ID Number: ▇
Current Creditor: **JEFFERSON CAPITAL SYSTEMS, LLC**
Original Creditor: **SPRINT SERVICES**
Account Number: ▇
Original Account Number: ▇
Total Current Balance: **$1130.29**

Dear Sir/Madam:

This letter serves as a second notice. The balance in full is due today. Please contact us at your earliest convenience to discuss a payment plan.

This notice is regarding your account originally with SPRINT SERVICES that is currently with Unifin, Inc. Nothing contained within this letter changes or in any way limits any of your legal rights, including your rights as set forth in our first letter to you about this account. This communication is from a debt collector. This is an attempt to collect a debt. Any information will be used for that purpose.

Sincerely,

Unifin Inc. Management

Office hours are:  Monday-Thursday 8am - 8pm | Friday 8am - 5pm | Saturday 8am - 12pm
All times are Central Standard Times (CST, Chicago time zone)

You can reach us at our toll free number 888.572.3987.  Our fax number is 847.897.3158, or you can email us at:
myaccount@unifinrs.com

All written correspondence must be sent to the following address: Unifin, Inc. PO Box 4519, Skokie IL. 60077

---

**Notice**: See Reverse Side for Important Information

If any of the following has changed, please indicate:

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

New Name: _____

Street: _____

City: _____ State: ____ Zip: _____

Home Phone: _____

Cell Phone: _____

Business Phone: _____

E-Mail: _____

By providing us with this contact information you are authorizing us to use it to contact you via mail, phones (including the use of predictive dialing), and e-mail.

MasterCard    VISA    DISCOVER

| CARD NUMBER | EXP. DATE |
| CARD HOLDER NAME | CVV |
| SIGNATURE | AMOUNT PAID |

DO NOT SEND CASH
**MAKE CHECKS PAYABLE TO:**
**UNIFIN INC.**
PLEASE INSURE YOU INCLUDE YOUR ACCOUNT # OR
SOCIAL SECURITY NUMBER ON YOUR CHECK

---

Notice to California Residents:
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Notice to Colorado Residents:
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE, www.coloradoattorneygeneral.gov/ca

Our local office address is: 3025 S. Parker Rd, Ste 705, Aurora CO 80014
The local office telephone number is: 720.343.1993

Notice to Massachusetts Residents:
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to Unifin, Inc.

Our local address is: 10 Milk St, Ste 1055, Boston MA 02108
Local office hours are: Monday-Thursday 10am - 3pm Eastern Time

Notice to New York City Residents: New York City Department of Consumer Affairs License # 1444978

Notice to Tennessee Residents:
This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, James
Robertson Parkway, Nashville, Tennessee 37243.

Notice to Minnesota Residents:
This collection agency is licensed by the Minnesota Department of Commerce.

Notice to North Carolina Residents:

Notice to Utah Residents:

As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Exhibit B

# KELLER LAW LLP
# TRIAL LAWYERS

P.O. Box 1248
Lafayette, IN 47902
T 765.444.9202
F 765.807.3388

September 11, 2018

Unifin, Inc.
PO Box 4519
Skokie, IL 60076
*U.S.P.S. Certified Mail & Email to:  9414 8108 9876 5018 0983 98;* myaccount@unifinrs.com

Re:    **Earl Dixon Alleged Debt**
       Your ID Number: ███████
       Alleged Original Account Number:    ██████████████

To Whom It May Concern:

This law firm represents Earl Dixon ("Mr. Dixon") with respect to your debt collection activities of the above-listed alleged debt. This firm represents Mr. Dixon with regard to any further alleged debts you have regarding Mr. Dixon. If you cannot find any records concerning Mr. Dixon, contact the undersigned before contending Mr. Dixon does not have an account. You may be reporting information to one or more credit bureaus, which Mr. Dixon believes to be inaccurate. You attempted to contact Mr. Dixon through a letter dated August 23, 2018, in an attempt to collect the above-mentioned alleged debt.

Be advised that Mr. Dixon disputes the alleged debt. Mr. Dixon denies any liability of any debt. Further, pursuant to 15 U.S.C. § 1692g(a), Mr. Dixon demands that you provide this office with the statutory notice of debt content and competent evidence that Mr. Dixon has any legal obligation to pay the alleged debt, including the following information:

- ALL correspondence mailed or otherwise sent to Mr. Dixon from you;

- The name and address of the creditor to whom the debt is currently allegedly owed, the account number used by that creditor, and the amount owed;

- If this debt started with a different creditor or collector (other than you), provide:
    - the name and address of the original creditor; and
    - the account number used by that creditor, and the amount allegedly owed to that creditor at the time it was transferred;

- Identify when the current creditor obtained the debt, from whom the current creditor obtained said debt, and how such interest was transferred, if at all;

- **Provide verification and documentation that there is a valid basis for claiming that Mr. Dixon is required to pay the debt to the current creditor (For example, provide a copy of the written agreement that created Mr. Dixon's original requirement to pay, if such agreement exists and any documents showing valid transfer).**

1

- A copy of the last billing statement sent to Mr. Dixon by the original creditor.

- If there have been any additional interest, fees, or charges added since the last billing statement from the original creditor, provide an itemization showing the dates and amount of each added amount. In addition, explain how the added interest, fees or other charges are expressly authorized by the agreement creating the debt or are permitted by law.

- If there have been any other changes or adjustments since the last billing statement from the original creditor, please provide full verification and documentation of the amount you are trying to collect. Explain how that amount was calculated. In addition, explain how the other changes or adjustments are expressly authorized by the agreement creating the debt or permitted by law.

- Identify the date of the last payment made on this account.

If you are no longer engaged to collection the subject disputed debt or have reassigned the collection to another entity, please advise this office of the same and indicate to such company that said debt is disputed. If you have reported to consumer reporting agencies that Mr. Dixon is liable to you or your client for the subject debt, you are instructed to immediately cease and desist said reporting and to request that the consumer reporting agencies that you do business with delete any and all references of the disputed debt from Mr. Dixon's consumer or credit report.

- If you fail to provide any of the information or documentation asked for, please state reasons for your failure to comply. If you do not provide it and do not adequately explain why, we will understand that you are unable to confirm or document your claims.

You are further requested to provide the following information to confirm that you have authority to engage in debt collection of the alleged debt:

- Provide an accounting, including dates and amounts of all payments made by Mr. Dixon, with respect to the alleged debt.


Your cooperation is expected and appreciated.


**Cease and desist ALL communication and collection attempts with Mr. Dixon.** Direct any and all future permissive communications regarding Mr. Dixon to our office. **You are further directed to delete the account(s) from all of Mr. Dixon's credit reports, either by using a Universal Data Form (UDF) or other method by which you can confirm you requested deletion**. Mr. Dixon may be a victim of identity theft. Be advised that Mr. Dixon does not waive any of his rights or remedies, all of which are expressly reserved without prejudice.


Sincerely,


**KELLER LAW**
/s/ *Duran L. Keller*                     s/ **Earl Dixon**
Duran L. Keller, Esq.                   Earl Dixon
duran@kellerlawllp.com
        Enclosure: Letter from Unifin dated August 23, 2018

**UNIFIN**

P.O. Box 4519
Skokie IL 60077-4519
RETURN SERVICE REQUESTED

Toll Free: 888.572.3987 | Fax: 847.897.3158
Email: myaccount@unifinrs.com | www.unifinrs.com

| Unifin ID# | Original Acct # | Amount Due |
|---|---|---|
| █████ | ████████ | $1130.29 |

**AUGUST 23, 2018**

**EARL DIXON**
**1947 BREMAN LN**
**INDIANAPOLIS IN 46229-3946**

Unifin, Inc.
P.O. Box 4519
Skokie IL 60077-4519

--------------------------------------------------------------------------------
*** Detach Upper Portion and Return With Payment ***

ID Number: ██████████
Current Creditor: **JEFFERSON CAPITAL SYSTEMS, LLC**
Original Creditor: **SPRINT SERVICES**
Account Number: ████████
Original Account Number: ████████████████
Total Current Balance: **$1130.29**

Dear Sir/Madam:

This letter serves as a second notice. The balance in full is due today. Please contact us at your earliest convenience to discuss a payment plan.

This notice is regarding your account originally with SPRINT SERVICES that is currently with Unifin, Inc. Nothing contained within this letter changes or in any way limits any of your legal rights, including your rights as set forth in our first letter to you about this account. This communication is from a debt collector. This is an attempt to collect a debt. Any information will be used for that purpose.

Sincerely,

Unifin Inc. Management

Office hours are: Monday-Thursday 8am - 8pm | Friday 8am - 5pm | Saturday 8am - 12pm
All times are Central Standard Times (CST, Chicago time zone)

You can reach us at our toll free number 888.572.3987. Our fax number is 847.897.3158, or you can email us at: myaccount@unifinrs.com

All written correspondence must be sent to the following address: Unifin, Inc. PO Box 4519, Skokie IL. 60077

**Notice**: See Reverse Side for Important Information

If any of the following has changed, please indicate:

New Name: _____

Street: _____

City: _____ State: ____ Zip: _____

Home Phone: _____

Cell Phone: _____

Business Phone: _____

E-Mail: _____

By providing us with this contact information you are authorizing us to use it to contact you via mail, phones (including the use of predictive dialing), and e-mail.

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

MasterCard    VISA    DISCOVER

| CARD NUMBER | EXP. DATE |
| CARD HOLDER NAME | CVV |
| SIGNATURE | AMOUNT PAID |

DO NOT SEND CASH
**MAKE CHECKS PAYABLE TO:**
**UNIFIN INC.**
PLEASE INSURE YOU INCLUDE YOUR ACCOUNT # OR
SOCIAL SECURITY NUMBER ON YOUR CHECK

---

Notice to California Residents:
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Notice to Colorado Residents:
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE, www.coloradoattorneygeneral.gov/ca

Our local office address is: 3025 S. Parker Rd, Ste 705, Aurora CO 80014
The local office telephone number is: 720.343.1993

Notice to Massachusetts Residents:
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to Unifin, Inc.

Our local address is: 10 Milk St, Ste 1055, Boston MA 02108
Local office hours are: Monday-Thursday 10am - 3pm Eastern Time

Notice to New York City Residents: New York City Department of Consumer Affairs License # 1444978

Notice to Tennessee Residents:
This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, James
Robertson Parkway, Nashville, Tennessee 37243.

Notice to Minnesota Residents:
This collection agency is licensed by the Minnesota Department of Commerce.

Notice to North Carolina Residents:

North Carolina Department of Insurance permit number 110012

Notice to Utah Residents:

As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.





October 2, 2018

Duran L. Keller, Esq.
Keller Law, LLP
PO Box 1248
Lafayette, IN 47902

Re:    Earl Dixon
       Jefferson Capital Systems, LLC account number: ▌▌▌▌▌▌▌▌
       Debt Description: Sprint Services

Dear Mr. Keller:

We acknowledge receipt of your correspondence addressed to Unifin, Inc. ("UNI") and forwarded by them to us on behalf of Earl Dixon concerning the above-referenced account.

Jefferson Capital Systems, LLC acquired Mr. Dixon's Sprint Services account and balance of $1,130.29 on or about October 23, 2008 and subsequently placed the account with UNI for collection efforts. In response to your correspondence, we have recalled the account from UNI, terminated further collection efforts and closed our file. This letter also confirms that Jefferson Capital Systems, LLC last reported this account to the credit bureaus in December, 2012.

Thank you for the opportunity to respond.

Sincerely,

David Herzan
Consumer Relations Staff
On behalf of Jefferson Capital Systems, LLC, A Debt Collector
Phone: (866) 516-3772

*Jefferson Capital Systems, LLC • 16 McLeland Road • St. Cloud, MN 56303*