UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EARL DIXON, *individually & on behalf of others similarly situated*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:19-cv-02457-JMS-DML |
| JEFFERSON CAPITAL SYSTEMS, LLC, And UNIFIN, INC., | ) ) ) | |
| Defendants. | ) ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff Earl Dixon, individually and on behalf of those similarly situated, by way of

First Amended Class Action Complaint against Defendants Jefferson Capital Systems, LLC, and

Unifin, Inc., state:

## I.   INTRODUCTION

1.      This is a case about a class of consumers who have been deceptively targeted for

debt that is not legally enforceable without any notice that any payment on the debt would strip

the consumers of their iron-clad defense that the debts are barred by the applicable statute of

limitations.

2.      This is a civil action seeking actual damages, statutory damages, attorneys' fees,

and costs for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 to 1692p,

("FDCPA"), and the Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1 to 24-5-

0.5-12 ("IDCSA").

3.      The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and

unfair debt collection practices.

4.      The FDCPA uses the "unsophisticated-consumer" standard.

5.      The unsophisticated-consumer standard is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder.  This standard protects the uninformed or naive consumer.

6.      Moreover, "[t]he violation by a supplier of the federal Fair Debt Collection Practices Act . . . including any rules or regulations issued under the federal Fair Debt Collection Practices Act" is a depective act under the IDCSA. Ind. Code Ann. § 24-5-0.5-3(b)(20).

7.      The defendants are Jefferson Capital Systems, LLC ("Jefferson Capital" or "JCAP") and Unifin, Inc. ("Unifin").

8.      It is Defendants' policy and practice to misrepresent the legal status of time-barred debts, to conceal the time-barred nature of the debts, to falsely represents that payment would save them money, and to conceal the legal consequences of a payment or settlement.

9.      Such practice is a deceptive collection ploy used to coerce and entice a least sophisticated consumer into making payments on an otherwise unenforceable debt or enter into a new agreement that would restart the statute of limitations.

10.     Such practice is a deceptive collection ploy used to entice a least sophisticated consumer with a "settlement" in order to have the least sophisticated consumer make a payment or enter into a new agreement that would restart the statute of limitations, when in fact such savings are nonexistent and false.

## II.    JURISDICTION AND VENUE

11.     This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12.     Defendants regularly transact business in this judicial district.

13.     Defendants are subject to the personal jurisdiction of this Court.

14.     Defendants reside in the State of Georgia and this judicial district under the provisions of 28 U.S.C. § 1391(c)(2).

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

16.     A substantial part of the events giving rise to this claim occurred in this judicial district.

17.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### III.     PARTIES

#### A.  Plaintiff Earl Dixon

18.     Plaintiff is a natural person.

19.     Plaintiff is a resident of Marion County.

20.     Plaintiff is allegedly obligated to pay a "debt" as defined by 15 U.S.C. § 1692a(5).

21.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

22.     Plaintiff allegedly incurred a debt with Sprint Services ("Sprint").

23.     Plaintiff has never owned a business.

24.     Any obligation that Plaintiff would have incurred to pay money would have arisen out of a transaction that was solely or primarily for a personal, family, or household purpose.

25.     JCAP has no reason to dispute that the alleged obligation at issue arose out of a transaction that was solely or primarily for a personal, family, or household purpose.

26.     Unifin has no reason to dispute that the alleged obligation at issue arose out of a transaction that was solely or primarily for a personal, family, or household purpose.

#### B.  Defendant Jefferson Capital Systems, LLC

27.     Jefferson Capital is a limited liability company organized and existing under the laws of the State of Georgia.

28.    Jefferson Capital is registered with the Georgia Secretary of State under Organization Number: 0570968.

29.    Jefferson Capital's principal place of business is located at 16 McLeland Road, St. Cloud, MN, 56303.

30.    Jefferson Capital's registered agent for service of process is Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

31.    Jefferson Capital's employees are agents acting on its behalf.

32.    At all times relevant to this action, Jefferson Capital employees were agents acting on behalf of Jefferson Capital.

33.    Jefferson Capital is a company that, among other matters, contacts consumers to collect consumer debt.

34.    Jefferson Capital's principal purpose is the collection of debt.

35.    Jefferson Capital attempts to collect debt on behalf of Sprint Services.

36.    Jefferson Capital regularly attempts to collect debt on behalf of Sprint Services.

37.    Jefferson Capital maintains a website at https://www.myjcap.com, which is representative of Jefferson Capital's business.

38.    Jefferson Capital is engaged in the business of collecting debt within multiple states.

39.    Jefferson Capital is engaged in the business of collecting debt within the State of Indiana.

40.    Jefferson Capital is a business entity who uses instrumentalities of interstate commerce or the mails, the principal purpose of which is the collection of debts.

41.    Jefferson Capital regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another.

42.     Jefferson Capital is engaged in the collection of debts from consumers using the mail.

43.     Jefferson Capital is engaged in the collection of debts from consumers using the telephone.

44.     Jefferson Capital is a limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate.

45.     Jefferson Capital operates a nationwide debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Jefferson Capital was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

46.     Jefferson Capital is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

47.     Jefferson Capital's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

48.     Defendant Jefferson capital is authorized to conduct business in Indiana and maintains a registered agent in Indiana. In fact, Defendant Jefferson Capital conduct business in Indiana.

49.     Jefferson Capital is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family, or household purposes.

50.     Jefferson Capital pays an average of less than ten cents on the dollar for the debts

it purchases.

51.     Jefferson Capital then attempts to collect the purchased debts by filing suits on them.

52.     Jefferson Capital has been the plaintiff in dozens collection lawsuits that have been pending in Indiana during the year prior to the filing of this action.

53.     Jefferson Capital is a purchaser of debts.

54.     Jefferson Capital contracts with third party collection companies to collect on the debts Jefferson Capital has purchased.

55.     Jefferson Capital is the owner of Plaintiff's alleged debt.

56.     Unifin is Jefferson Capital's agent.

57.     A significant purpose of Jefferson Capital's business is collecting debts.

58.     Debt collection is Jefferson Capital's only purpose.

59.     Jefferson Capital does not conduct any business activity other than the collection of debts.

60.     All of Jefferson Capital's revenue comes from debt collection.

61.     Jefferson Capital itself is the plaintiff in numerous debt collection lawsuits.

62.     Jefferson Capital interacts with debtors, including filing lawsuits against debtors.

63.     At all times relevant to this action, Jefferson Capital agents and attorneys were agents acting on behalf of Jefferson Capital.

64.     Jefferson Capital is a company that contacts consumers in an attempt to collect consumer debt.

65.     Jefferson Capital is a company that, through its agents, communicates with consumers.

66.     Jefferson Capital, through one or more agents, is engaged in the business of collecting debt within the State of Indiana.

67.     Jefferson Capital is a business entity who, through one or more agents, uses instrumentalities of interstate commerce or the mails, the principal purpose of which is the collection of debts.

68.     Alternatively, Jefferson Capital, through one or more agents, regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

69.     Jefferson Capital, through one or more agents, engages in the collection of debts from consumers using the mail.

70.     Jefferson Capital, through one or more agents, engages in the collection of debts from consumers using the telephone.

71.     Jefferson Capital is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

72.     JCAP's counsel made a reasonable inquiry as required by FRCP 11(b) before responding to the aforementioned allegation.

73.     JCAP has no basis to deny that JCAP is a debt collector as defined by 15 U.S.C. § 1692a(6).

**C.  Defendant Unifin, Inc.**

74.     Unifin is a corporation organized and existing under the laws of the State of Illinois.

75.     Unifin is registered with the Illinois Secretary of State under File Number: 67892089.

76.     Unifin's principal place of business is located at 3541 Chase Avenue,

Lincolnwood, Illinois 60712.

77.     Unifin's registered agent for service of process is Incorp Services Inc., 902 S. 2nd Street, Suite 201, Springfield, Illinois 62704.

78.     Unifin does not maintain an office in the State of Indiana.

79.     Unifin's employees are agents acting on its behalf.

80.     At all times relevant to this action, Unifin's employees were agents acting on behalf of Unifin and Jefferson Capital.

81.     Unifin is a company that, among other matters, contacts consumers in an attempt to collect consumer debt.

82.     Unifin's principal purpose is the collection of debt.

83.     Unifin attempts to collect debt on behalf of Jefferson Capital.

84.     Unifin regularly attempts to collect debt on behalf of Jefferson Capital.

85.     Unifin maintains a website at https://www.unifinrs.com, which is representative of Unifin's business.

86.     Unifin is engaged in the business of collecting debt within multiple states.

87.     Unifin is engaged in the business of collecting debt within the State of Indiana.

88.     Unifin is a business entity who uses instrumentalities of interstate commerce or the mails, the principal purpose of which is the collection of debts.

89.     Unifin regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

90.     Unifin is engaged in the collection of debts from consumers using the mail.

91.     Unifin is engaged in the collection of debts from consumers using the telephone.

92.     Unifin is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

93.     Unifin is a "collection agency" as defined by IN Code § 25-11-1-1 (2018), IC 25-11-1-1(b).

## IV.    FACTUAL ALLEGATIONS

94.     Jefferson Capital attempted to collect a debt from Plaintiff that arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

95.     Jefferson Capital hired Unifin to collect the alleged debt on Jefferson Capital's behalf.

96.     Jefferson Capital's principal purpose is the collection of debt.

97.     All of Jefferson Capital's revenue comes from debt collection.

98.     Jefferson Capital outsources collection to third parties, who act as agents for Jefferson Capital.

99.     Jefferson Capital directs its agents' debt collection activities.

100.    Jefferson Capital has no other business purpose other than the collection of debts.

101.    Jefferson Capital is vicariously liable for the acts of its agents with respect to the collection of debts for Jefferson Capital.

102.    Unifin manages debt collection for Jefferson Capital.

103.    Plaintiff had not made any payments toward the alleged debt since before 2009.

**D.  The August 23, 2018, Unifin Letter**

104.    On or about August 23, 2018, Unifin mailed a collection letter (the "August 23, 2018 Letter") to Plaintiff.

105.    On August 23, 2018, the alleged debt was past the applicable statute of limitations.

106.    Plaintiff received the August 23, 2018 Letter on or about August 31, 2018.

107.    The August 23, 2018 Letter is attached hereto and incorporated herein by reference as **Exhibit A**.

108.    The August 23, 2018 Letter states that Plaintiff has a current balance of $1,130.29.

109.    The August 23, 2018 Letter failed to apprise Plaintiff that the debt was not legally enforceable.

110.    The August 23, 2018 Letter failed to notify Plaintiff that any payment made on the debt would deprive him of his defense that the debt was past the applicable statute of limitations.

111.    The Indiana statute of limitation applicable to the alleged debt is Ind. Code § 34-11-2-7(1).

112.    Ind. Code § 34-11-2-7(1) provides:

The following actions must be commenced within six (6) years after the cause of action accrues:
   (1) Actions on accounts and contracts not in writing.
   (2) Actions for use, rents, and profits of real property.
   (3) Actions for injuries to property other than personal property, damages for detention of personal property and for recovering possession of personal property.
   (4) Actions for relief against frauds.

113.    The alleged debt was barred by the applicable statute of limitation before August 23, 2018.

114.    The August 23, 2018 Letter states, "The balance in full is due today."

115.    The August 23, 2018 Letter further states, "Please contact us at your earliest convenience to discuss a payment plan."

**E.  September 11, 2018 Plaintiff's Letter**

116.    On September 11, 2018, Plaintiff mailed a letter (the "September 11, 2018

Letter") to Unifin via United States Postal Service mail under tracking number 9414 8108 9876 5018 0983 98.

117.    Plaintiff also, by counsel, also emailed the September 11, 2018 Letter to Unifin at myaccount@unifinrs.com.

118.    The September 11, 2018 Letter is attached hereto and incorporated herein by reference as **Exhibit B**.

119.    Unifin received the September 11, 2018 Letter by mail on September 15, 2018.

120.    Plaintiff disputed the alleged debt within thirty (30) days of receipt of the August 23, 2018, Letter.

121.    Plaintiff requested validation of the alleged debt.

**F.  The October 2, 2018 JCAP Letter**

122.    Jefferson Capital mailed a letter dated October 2, 2018 (the "October 2, 2018 Letter") to Plaintiff's counsel.

123.    The October 2, 2018, Letter is attached hereto and incorporated herein by reference as **Exhibit C**.

124.    The October 2, 2018, Letter states that Jefferson Capital acknowledged receipt of the September 11, 2018, Letter.

125.    Jefferson Capital acquired the alleged debt on October 23, 2008, and placed the account with Unifin for collection.

126.    Jefferson Capital does not have reasonable procedures in place that are reasonable adapted to avoid violation of the FDCPA.

127.    Jefferson Capital uses instrumentality of interstate commerce or the mails in business for which the principal purpose is the collection of any debts.

128.   Jefferson Capital, directly or indirectly, regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

129.   Jefferson Capital attempted to collect a debt that Plaintiff did not owe.

130.   Jefferson Capital falsely represented the character, amount, or legal status of a debt.

131.   Jefferson Capital falsely represented the legal status of a debt.

132.   Jefferson Capital's action concerning Plaintiff have caused damages, including not by way of limitation: costs of sending one or more certified letters and Plaintiff's time.

133.   All conditions precedent necessary for this lawsuit have occurred or been performed by Plaintiff.

## V.   CLASS ACTION ALLEGATIONS

134.   Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 4:32.

135.   The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

136.   Subject to further discovery and further investigation which may cause Plaintiff to modify, narrow or expand the following class definitions at the time Plaintiff moves for class certification, Plaintiff seeks certification of classes initially defined as follows:

> The "FDCPA Class" is defined as: "all natural persons with an address in the State of Indiana, to whom a letter was sent by Unifin, Inc., on behalf of Jefferson Capital Systems, LLC, from June 18, 2018, through the present, to collect a consumer debt where the debt was in default for more than six years at the time the letter was sent."

> The "IDCSA Class" is defined as: "all natural persons with an address in the State of Indiana, to whom a letter was sent by or on behalf of Jefferson Capital Systems, LLC, from June 18, 2017,

through the present, to collect a consumer debt where the debt was
in default for more than six years at the time the letter was sent."

137.    Plaintiff seeks to recover statutory damages, actual damages, attorney's fees and
costs on behalf of all class members under the Fair Debt Collection Practices Act.

138.    Plaintiff seeks to recover damages and attorney's fees and costs on behalf of all
class members under the Indiana Deceptive Consumer Sales Act.

139.    The class for whose benefit this action is brought is so numerous that joinder of
all members is impracticable.

140.    Defendants have represented that there are approximately 10,500 members of the
FDCPA Class.

141.    Thus, this matter should be certified as a class action for the purposes of judicial
economy and efficiency and to assist in expeditious litigation of this matter.

142.    The estimated size of this class is so numerous that joinder of all members would
be impracticable and potentially cost prohibitive.

143.    Moreover, Plaintiff and members of the class were harmed by the acts of
Defendants in at least the following ways: Defendants, either directly or through its agent,
collected or attempted to collect debts that were barred by the statute of limitations which any
payment of same would toll the applicable statute of limitations rendering the debts collectable
again, in direct violation of the FDCPA and the IDCSA. Plaintiff and the class members were
damaged thereby.

144.    There is a well-defined community of interest in the questions of law and fact
involved affecting the parties to be represented. The questions of law and fact to the class
predominate over questions which may affect individual class members, including the following:

A.    Whether Defendants are debt collectors under the FDCPA
and IDCSA;

B.     Whether Defendants violated the FDCPA and IDCSA; and

C.     Whether Plaintiff and the class are entitled to statutory damages.

D.     Whether Plaintiff and the class are entitled to actual damages, including all amounts paid on time-barred debts.

E.     Whether Plaintiff and the class are entitled to increased damages for a willful deceptive act under the IDCSA.

F.     Whether Defendants have a policy and practice of contacting the class members in an attempt to collect debt arising out of an obligation after six years in time had passed since the date the obligation was initially in default without Jefferson Capital or Unifin disclosing that the debt was not legally enforceable.

145.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for actual and statutory damages payable to each member of the class. The IDCSA provides for minimum damages per class members which may be increased for willful deceptive acts. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

146.    As persons who received the aforementioned statements and communications from Defendants seeking to collect debts, Plaintiff is asserting claims that are typical of this class. During the respective class period, Defendants were engaged in a pattern and practice of contacting members of the class in connection with a debt, via written statements and phone calls, and sought to collect time-barred debts that were not enforceable by law.

147.    The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

148.    Plaintiff does not have interests antagonistic to those of the class.

149.    The class, of which Plaintiff is a member, is readily identifiable.

150.    Plaintiff will fairly and adequately protect the interests of the class, and has

retained competent counsel experienced in the prosecution of consumer litigation. Proposed

Class Counsel have investigated and identified potential claims in the action; have a great deal of

experience in handling consumer class actions and other complex litigation, and claims of the

type asserted in this action.

151.    Plaintiff and members of the class have all suffered irreparable harm as a result of

the Defendants unlawful and wrongful conduct. Absent a class action, the class will continue to

face the potential for irreparable harm. In addition, these violations of law will be allowed to

proceed without remedy and Defendants will likely continue such illegal conduct. Because of the

relatively small size of the individual claims, few, if any class members could afford to seek

individual legal redress for the wrongs complained of herein.

152.    The prosecution of separate actions by individual members of the class would run

the risk of inconsistent or varying adjudications, which would establish incompatible standards

of conduct for the Defendants in this action or the prosecution of separate actions by individual

members of the classes would create the risk that adjudications with respect to individual

members of the class would as a practical matter be dispositive of the interests of the other

members not parties to the adjudications or substantially impair or impede their ability to protect

their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

153.    As Plaintiff, and on behalf of the class, has requested injunctive relief to bar

Defendants from attempts to collect time-barred debts in the manner contained by these

allegations, and subject to further discovery Defendants have continued or will continue to

collect debts in the manner referenced in this Amended Complaint until court intervention, this relief is appropriate to the class as a whole.

154.    Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.    CAUSES OF ACTION

### COUNT I - VIOLATIONS OF 15 U.S.C. 1692E

155.    Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

156.    Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

157.    The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

158.    Each Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

159.    Defendants' collection letter sent to Plaintiff and other Indiana consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

160.    Jefferson Capital violated the FDCPA by using misleading representations in an attempt to collect a debt.

161.    Jefferson Capital violated the FDCPA by using false representations in an attempt to collect a debt.

162.    Jefferson Capital violated the FDCPA by using deceptive means in an attempt to collect a debt.

163.    Jefferson Capital falsely represented the amount of debt Plaintiff owed.

164.    The violations of the FDCPA described herein constitute *per se* violations.

165.    Based on any one or more of those violations, Defendants are liable to Plaintiff

and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff Earl Dixon, on behalf of himself and others similarly situated,

demands judgment against Defendants Jefferson Capital Systems, LLC, and Unifin, Inc., as

follows:

A.    For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the undersigned attorneys as class counsel;

B.    Declaratory judgment that Jefferson Capital Systems, LLC, and Unifin, Inc., violated the FDCPA;

C.    For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

D.    For statutory damages in favor of the FDCPA Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

E.    For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

F.    For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

G.    For pre-judgment and post-judgment interest; and

H.    For such other and further relief as the Court deems equitable and just.

## COUNT II – 15 U.S.C. 1692F

166.    Plaintiff, on behalf of himself and others similarly situated, reasserts and

incorporates herein the allegations contained in the preceding and following paragraphs.

167.    Defendants violated 15 U.S.C. § 1692f and 15 U.S.C. 1692f(1) which prohibits

any use of unfair or unconscionable debt collection and the collection of any amount including

any fee unless such amount is expressly authorized by the agreement creating the debt or

permitted by law in charging additional fees.

**WHEREFORE**, Plaintiff Earl Dixon, on behalf of himself and others similarly situated, demands judgment against Defendants Jefferson Capital Systems, LLC, and Unifin, Inc., as follows:

A.  For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the undersigned attorneys as class counsel;

B.  Declaratory judgment that Jefferson Capital Systems, LLC, and Unifin, Inc., violated the FDCPA;

C.  For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

D.  For statutory damages in favor of the FDCPA Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

E.  For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

F.  For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

G.  For pre-judgment and post-judgment interest; and

H.  For such other and further relief as the Court deems equitable and just.

### COUNT III – IND. CODE § 24-5-0.5-4

168.    Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

169.    Defendants committed uncured and incurable deceptive acts against Plaintiff for which he suffered damages as a result of the willful deceptive act.

170.    Defendants violated Indiana Code § 24-5-0.5-4(a).

171.    Unifin's former employee, then a collection agent acting on behalf of Unifin and JCAP, represented that money was legally owed by Plaintiff when nothing was legally owed.

172.    Plaintiff relied on JCAP and Unifin's representations and paid the amount claimed to be due.

173.    JCAP and Unifin's agent intentionally made the statements relied on in an attempt to induce Plaintiff into paying.

174.    JCAP and Unifin's unfair conduct as described herein was part of a plan to mislead.

175.    Moreover, "[t]he violation by a supplier of the federal Fair Debt Collection Practices Act . . . including any rules or regulations issued under the federal Fair Debt Collection Practices Act" is a deceptive act under the IDCSA. Ind. Code Ann. § 24-5-0.5-3(b)(20).

176.    Defendants are debt collectors and therefore suppliers under the IDCSA.

177.    Plaintiff and the putative class are entitled to seek damages pursuant to Indiana Code § 24-5-0.5-4(a).

178.    Plaintiff and the putative classes are entitled to damages actually suffered as a consumer as a result of Defendants' deceptive acts or five hundred dollars ($500), whichever is greater.

179.    Plaintiff and the putative class seek damages under the theory of willfulness and seek damages in an amount that does not exceed the greater of: (1)  three times the actual damages of the consumer suffering the loss; or (2) $1,000 for Plaintiff and each member of the putative classes.

    **WHEREFORE**, Plaintiff Earl Dixon, on behalf of himself and others similarly situated, demands judgment against Defendants Jefferson Capital Systems, LLC, and Unifin, Inc., as follows:

A.     For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the undersigned attorneys as class counsel;

B.     Declaratory judgment that Jefferson Capital Systems, LLC, and Unifin, Inc., violated the IDCSA including Indiana Code § 24-5-0.5-4 and Indiana Code § 24-5-0.5-4(a);

C.     Actual damages in an amount according to proof at trial or judgment otherwise pursuant to Indiana Code § 24-5-0.5-4 and Indiana Code § 24-5-0.5-4(a);

D.     Award statutory damages pursuant to Indiana Code § 24-5-0.5-4 and Indiana Code § 24-5-0.5-4(a);

E.     Award of increased damages for willful deceptive actions pursuant to Indiana Code § 24-5-0.5-4(a)(1), (2);

F.     For attorney's fees, litigation expenses and costs in connection with this action;

G.     For pre-judgment and post-judgment interest; and

H.     For such other and further relief as the Court deems equitable and just.

## COUNT IV – VIOLATION OF 15 U.S.C. 1692G

180.   Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

181.   Defendants violated the FDCPA because it failed to, within five (5) days after the initial communication with Plaintiff in connection with the collection of any debt, send Plaintiff a written notice containing:

(1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector

will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; or

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

182.    Defendants overshadowed Plaintiff's right to dispute the debt.

183.    Defendants contradicted the information contained in its debt collection letter.

184.    Defendants' representative's statements during the phone call were inconsistent with the disclosure of Plaintiff's right to dispute the debt.

**WHEREFORE**, Plaintiff Earl Dixon, on behalf of himself and others similarly situated, demands judgment against Defendants Jefferson Capital Systems, LLC, and Unifin, Inc., as follows:

A.    For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the undersigned attorneys as class counsel;

B.    Declaratory judgment that Jefferson Capital Systems, LLC, and Unifin, Inc., violated the FDCPA;

C.    For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

D.    For statutory damages in favor of the FDCPA Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

E.    For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

F.    For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

G.    For pre-judgment and post-judgment interest; and

H.    For such other and further relief as the Court deems equitable and just.

## VII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

Respectfully submitted,

*/s/ Duran L. Keller*
Duran L. Keller, Esq. (#31743-79)
KELLER LAW
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile: (765) 807-3388 Email:
duran@kellerlawllp.com

*/s/ Yongmoon Kim*
Yongmoon Kim
Email: ykim@kimlf.com
Kimberly R. Dodson
Email: kdodson@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff*